## Hood Rubber Products Company v. Quality Tire Company.

*Sales—Credits—Itemizing—Specific statement.*

Where in the statement of claim plaintiff sets forth credits in a lump sum, the averment is not sufficient; the items of credit must be listed.

Rule to strike off statement. C. P. Luzerne Co., Dec. T., 1922, No. 407.

*Reynolds & Reynolds*, for plaintiff; *F. M. Mackin*, for defendant.

JONES, J., April 21, 1927.—This is the third time this case has been before the court upon various phases; the first time, upon an affidavit of defence raising a question of law, the court stated, "Defendant should have taken a rule for a more specific statement," and decided the question raised against the defendant; the next time, on a motion to strike off plaintiff's statement, the court held that the statement should be sufficiently clear as to the character of the goods sold, the credits given and the sum for which judgment was claimed, and plaintiff was directed to file an amended statement in accordance with the decision.

Plaintiff did not comply with the suggestion of the court by giving an itemized statement of the credits, but stipulated a lump sum aggregating $10,291.40, to which defendant excepts.

We have held in numerous cases (Poggi v. Pardee, 23 Luzerne Legal Reg. 61; Philadelphia Show Case Co. v. Klapper, 23 Luzerne Legal Reg. 63; Moritz v. Luzerne County, 23 Luzerne Legal Reg. 81, 4 D. & C. 728; Dow v. Williams, 4 Dist. R. 659) that, where a credit is allowed by the plaintiff, a lumping total of credits is not sufficient and plaintiff should be required by the defendant to furnish a specific statement of items of credit.

This statement is vague and indefinite in that respect; we will not make the rule absolute, but direct plaintiff to file an amended statement, itemizing and setting forth specifically the credits.

From Frank P. Slattery, Wilkes-Barre, Pa.